IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LATOYA MICHELLE LEE                                                                                   PLAINTIFF

vs.                                              Civil No. 4:16-cv-04028

NANCY A. BERRYHILL                                                                                  DEFENDANT
Acting Commissioner, Social Security Administration

## MEMORANDUM OPINION

Latoya Michelle Lee ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her SSI application on March 30, 2012. (Tr. 12).  In her application, Plaintiff alleges being disabled due to bipolar disorder, lower back pain, and anemia. (Tr. 189).  Plaintiff alleges an onset date of March 1, 2012. (Tr. 12).  This application was denied initially and again upon reconsideration. (Tr. 81-94).

Thereafter, Plaintiff requested an administrative hearing on her denied application. (Tr. 127-

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___."  The transcript pages for this case are referenced by the designation "Tr."

128). The ALJ granted that request and held an administrative hearing on February 4, 2014 in Texarkana, Arkansas. (Tr. 28-80). At this hearing, Plaintiff was present and was represented by David Graham. *Id.* Plaintiff, Medical Expert ("ME") Dr. Jan Maxwell, and Vocational Expert ("VE") Dr. Donald Anderson testified at this hearing. *Id.* At this hearing, Plaintiff testified she was thirty-nine (39) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (SSI). (Tr. 42). As for her level of education, Plaintiff testified she had completed the eleventh grade in high school. *Id.*

After this hearing, on October 31, 2014, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 8-21). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 30, 2012, her application date. (Tr. 14, Finding 1). The ALJ determined Plaintiff had the following severe impairments: mood disorder (beginning February 5, 2013), arthritis in her right knee, lumbar disc disease, and anemia. (Tr. 14, Finding 2). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14-16, Finding 3).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 16-20, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 10 pounds occasionally and less than 10 pounds frequently, due to arthritis and anemia. She is able to stand and walk for 2 hours during 8-hour workday. The claimant is able to push and pull occasionally. She is able to operate foot controls occasionally. She is able to climb

stairs occasionally, but never scaffolds, ladders, or ropes. She is able to crouch, balance, kneel, crawl, stoop and squat occasionally. She cannot be exposed to unprotected heights, moving machinery, extreme temperature changes, uneven terrain, vibration, cutting instruments or commercial driving. She will required [require] a stand and sit option for 3 minutes every hour to stretch and stand, but not to leave the work area or workstation.

The claimant is able to perform simple, routine, and repetitive tasks, due to mood disorder. She is able to respond appropriately to supervisors. She is able to have casual conversations with co-workers, but is unable to work in a team. She can work with objects rather than with people. She cannot be exposed to the general public. She is able to use judgment appropriately. She is able to maintain the concentration persistence and pace during an eight-hour workday. She can tolerate routine changes in a work setting. 20 CFR 416.967(a)

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW. (Tr. 20, Finding 5). The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 20-21, Finding 9). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following: (1) assembler (sedentary, unskilled) with 600 such jobs in Arkansas and 55,000 such jobs in the nation; (2) folder (sedentary, unskilled) with 2,000 such jobs in Arkansas and 52,000 such jobs in the nation; and (3) sorter (sedentary, unskilled) with 700 such jobs in Arkansas and 56,000 such jobs in the nation. (Tr. 21). Because Plaintiff retained the capacity to perform this work, the ALJ also determined Plaintiff had not been under a disability, as defined by the Act, from March 30, 2012 (application date) through October 31, 2014 (ALJ's decision date). (Tr. 21, Finding 10).

Thereafter, Plaintiff requested a review by the Appeals Council. On February 17, 2016, the

Appeals Council denied this request. (Tr. 1-3). On April 7, 2016, Plaintiff filed the present appeal with this Court. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 18, 2016. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 13-14. This case is now ripe for determination.

2.      **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff raises one argument for reversal: the ALJ erred in evaluating her subjective complaints. ECF No. 13 at 6-17. Upon review, the Court agrees with Plaintiff's argument and finds the ALJ improperly evaluated her subjective complaints. Accordingly, the Court

will only address this argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. Instead of complying with *Polaski* and considering the *Polaski* factors, the ALJ only focused on Plaintiff's medical records. (Tr. 16-20). Notably, the ALJ made the following findings in his decision to discount Plaintiff's subjective complaints:

> The undersigned considered the entire record, and determines the residual functional capacity outlined in bold above is consistent *with the objective medical evidence. The claimant has a sparse work record, and has never performed substantial gainful activity. She stopped working in 2004 because she was let from her job, and not due to medical problems. She attempted to work in 2008 and 2013. Her daily activities and medical history do not support the allegation that she is unable to perform any work activity.*

(Tr. 20) (emphasis added).

However, as for these "daily activities," Plaintiff actually testified she spends the majority of the day in bed doing very little. (Tr. 60-61). Thus, it is unclear what daily activities undercut her allegations of disabling limitations. Further, as for her work history, the ALJ is correct that Plaintiff's earnings were below SGA from 1993 through the date of the hearing. (Tr. 74). However, this finding alone is not sufficient to demonstrate Plaintiff is exaggerating her subjective complaints, especially since she *did attempt* work in 2008 and 2013. Such attempts would indicate a desire to

work.

The Court finds the ALJ's decision to discount Plaintiff's subjective complaints without a sufficient basis was improper under *Polaski*. See *Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided no valid reasons for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3] A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 28th day of March 2017.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.

8